## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CA, by her parents and natural guardians, THOMAS S. AQUINO and CRISTEN A. AQUINO** | : <br> : <br> : <br> : |
| **Plaintiff** | : |
| v. | : NO. |
| | : |
| **PENNSYLVANIA INTERSCHOLASTIC ATHLETIC ASSOCIATION, INC.** | : <br> : <br> : |
| **Defendant** | : |

## COMPLAINT

CA ("CA" or "Plaintiff"), by and through her parents and natural guardians, Thomas S. Aquino, and Cristen A. Aquino ("the Aquinos"), by and through their attorneys, Zachary E. Nahass and the CGA Law Firm, hereby submit this Complaint against the Pennsylvania Interscholastic Athletic Association, Inc. ("Defendant" or "PIAA"), as follows.

1. This is a civil action under Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131 et seq., seeking declaratory and injunctive relief against Defendant for excluding Plaintiff, on the basis of her disability, from participating in interscholastic athletic competition.

{00870468/1}

2. This action arises from Defendant's failure to maintain lawful policies, and from Defendant's refusal to make reasonable modifications to its policies where necessary to accommodate individuals with disabilities.

3. Jurisdiction is appropriate in this Court pursuant to 28 U.S.C. § 1331, and this Court is an appropriate venue for this action pursuant to 28 U.S.C. Sections 1391(b)(1) and (2).

## PARTIES

4. Plaintiff is a 15-year-old resident of Adams County, Pennsylvania, who resides with her parents, the Aquinos, at 380 Fleshman Mill Road, New Oxford.

5. Defendant PIAA is a Pennsylvania corporation having a principal address at 550 Gettysburg Road, P.O. Box 2008, Mechanicsburg, Pennsylvania 17055-0708. PIAA is the governing body for interscholastic athletics in Pennsylvania.

6. Plaintiff is a 9th Grade student-athlete who attends Delone Catholic High School ("Delone").

7. Plaintiff began attending Delone as a 9th Grade student at the beginning of the 2013-2014 school year.

8. During the summer preceding the 2013-2014 school year, Plaintiff began experiencing symptoms associated with, and was diagnosed with Crohn's

Disease, which is a chronic gastrointestinal condition, the symptoms of which are debilitating at times.

9. As a result of her physical condition, a number of Plaintiff's major life activities are substantially impaired, including her ability to eat, sleep, walk, stand, lift, learn, and concentrate. In addition her digestive and bowel functions are substantially impaired as a result of her condition.

10. Plaintiff has a disability as defined under the ADA.

11. Prior to the 2013-2014 school year, Plaintiff had an exemplary academic and school attendance record.

12. During and for the duration of the 2013-2014 school year, Plaintiff suffered an uncontrolled "flare" of her condition which caused significant abdominal pain, regular diarrhea, and bloody stool.

13. Despite regular visits to various medical professionals, and a variety of treatments, Plaintiff continued to suffer debilitating physical symptoms during the 2013-2014 school year.

14. As a result of her disability, Plaintiff missed many instructional days during the 2013-2014 school year, was unable to remain in the classroom on many occasions, and was unable to realize the benefit of instruction, even when she was physically present in class, due to the constant debilitating pain that she suffered.

15. Despite efforts by Delone and the Aquinos to develop creative methods to ensure Plaintiff's receipt of instruction, Plaintiff did not receive ample academic instruction to enable her promotion from 9th to 10th grade following the 2013-2014 school year.

16. Through an agreement between Delone and the Aquinos, as a result of her disability-related attendance problems, Plaintiff did not receive any grades or credits for the 2013-2014 school year, and she began the 2014-2015 school year as a 9th-grade student.

17. During the summer of 2014, Plaintiff and her medical providers succeeded in mitigating the symptoms of Plaintiff's flare through treatment and medication, allowing Plaintiff, for the time being, to function relatively normally and regularly attend school and activities.

18. Plaintiff is a soccer player, with aspirations to compete with Delone's team during the 2014 fall season.

19. Delone is a member of the PIAA, and is subject to its rules and regulations.

20. PIAA's bylaws render a student ineligible for interscholastic competition if the student has been absent from school during a semester for a total of twenty or more school days ("the attendance requirement").

21. PIAA's bylaws further require a student to have passed at least four full-credit subjects during the previous grading period in order to be eligible for interscholastic athletics ("the curriculum requirement").

22. As a result of her disability, Plaintiff failed to meet the attendance and curriculum requirements during the 2013-2014 school year, rendering her ineligible for competition at the start of the 2014-2015 school year.

23. PIAA's bylaws permit a PIAA "District Committee" to waive the attendance requirement in cases where the student's absences are due to a confining illness or injury, but there is no similar waiver provision for the curriculum requirement.

24. Delone requested that PIAA waive the attendance and curriculum requirements for Plaintiff, due to the fact that her inability to meet the eligibility requirements was caused by her disability.

25. Following an August 5, 2014 hearing of the District Committee, the District Committee granted a waiver of the attendance requirement for Plaintiff based on her disability, but refused to waive the curriculum requirement, claiming that it was not authorized to do so under PIAA's bylaws.

26. Delone appealed the District Committee's refusal to waive the curriculum requirement to a PIAA Board of Appeal, arguing that PIAA's failure to

make an accommodation for Plaintiff would violate the ADA requirement that reasonable accommodations be provided to students with disabilities.

27. Following an August 26, 2014 hearing of the Board of Appeal, PIAA affirmed the District Committee's decision, and confirmed that Plaintiff would be prohibited from participating in interscholastic competition for the first fifteen school days of the 2014-2015 school year.

28. School began for Delone on August 19, 2014. Based on PIAA's rules, Plaintiff would not be entitled to begin competing until after September 10, 2014.

29. Delone's girls soccer team has five of its fifteen games scheduled before September 11, 2014.

30. The purpose of the curriculum rule is to ensure that student-athletes in the Commonwealth of Pennsylvania are not permitted to compete in interscholastic athletic competition when their academic performance is substandard, or where participation in interscholastic academic competition may be antithetical to their academic success.

31. In this case, Plaintiff's inability to obtain the necessary curricular goals was exclusively due to her disability, not her participation in athletics. PIAA's strict adherence to the curriculum requirement in this case does not further the purpose of its rules.

## COUNT I

32. Title II of the ADA prohibits a public entity from excluding a qualified individual with a disability from participation in the activities of the public entity by reason of the individual's disability.

33. A public entity must make reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability unless making the modification would fundamentally alter the nature of the service, program, or activity.

34. PIAA is a public entity as defined by the ADA and its implementing regulations.

35. Plaintiff is a qualified individual with a disability as defined by the ADA and its implementing regulations.

36. Here, PIAA's bylaws, as applied in this case, have the effect of excluding Plaintiff from interscholastic competition because her disability prevented her from achieving the requisite academic success during the 2013-2014 school year.

37. PIAA has refused to make a reasonable modification to its curriculum requirements to accommodate Plaintiff in this case despite the fact that it could do so without fundamentally altering the nature of its program, and the fact that any associated burden on the PIAA would be de minimis.

38. In failing to provide in its bylaws a mechanism for waiving the curriculum requirements when necessary to prevent the exclusion of a qualified individual with a disability, PIAA has failed to comply with the requirements of the ADA.

39. Moreover, by failing to make reasonable modifications to its policies in this matter, PIAA is in violation of the ADA.

40. PIAA's unlawful actions require immediate temporary and permanent injunctive relief from this Court.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court grant judgment in favor of Plaintiff and against Defendant, and issue an Order enjoining PIAA from applying its curriculum requirements to Plaintiff in this case, and requiring PIAA to amend its bylaws to permit its District Committees to waive the curriculum requirements when necessary to prevent discrimination of an individual on the basis of disability, and requiring PIAA to pay all costs and fees associated with this action, including reasonable attorneys' fees, along with any other relief the Court deems just and proper.

*Dated this 28th day of August 2014*

Respectfully submitted,

CGA Law Firm

/s/ Zachary E. Nahass, Esq.
Zachary E. Nahass, Esquire

{00870468/1}

                                                       Attorney PA No: 314834
                                                       CGA Law Firm
                                                       135 North George Street
                                                       York, Pennsylvania 17401
                                                       (717) 848-4900
                                                       (717) 843-9039 (f)
                                                       znahass@cgalaw.com
                                                       *Counsel for Plaintiff*

{00870468/1}

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CA, by her parents and natural guardians, THOMAS S. AQUINO and CRISTEN A. AQUINO | : : : : | |
| **Plaintiff** | : | |
| v. | : | NO. |
| PENNSYLVANIA INTERSCHOLASTIC ATHLETIC ASSOCIATION, INC. | : : : : | |
| **Defendant** | : | |

## CERTIFICATE OF SERVICE

AND NOW, this 29th day of August, 2014, I, Zachary E. Nahass, Esquire, of the CGA Law Firm, attorneys for Plaintiff, hereby certify that I served the Complaint, Motion for Temporary Restraining Order, and the Brief in Support of the Motion for Temporary Restraining Order on:

PIAA, Inc.
550 Gettysburg Road
P.O. Box 2008
Mechanicsburg, PA 17055-0708
VIA FIRST-CLASS MAIL

Alan R. Boynton, Jr.
McNees, Wallace & Nurick, LLC
100 Pine Street
P.O. Box 1166
Harrisburg, PA 17108-1166
aboynton@mwn.com
VIA FIRST-CLASS and ELECTRONIC MAIL

/s/ Zachary E. Nahass, Esq.
Zachary E. Nahass, Esquire

{00870468/1}